

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:04CR00015 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| CYNTHIA LAND, | ) | |
| | ) | |
| Defendant, | ) By: | B. WAUGH CRIGLER |
| | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a multiple-count Indictment charging defendant, in Count One, with knowingly conspiring to distribute, and to possess with intent to distribute, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and in Counts Two through Four with knowingly and intentionally distributing 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). With respect to Count One, the Grand Jury also made a special finding, pursuant to United States Sentencing Guidelines § 1B1.3(a)(1)(B), that it was reasonably foreseeable to the defendant that members of this jointly undertaken conspiracy distributed or possessed with intent to distribute more than five (5) kilograms of mixtures and substances containing detectable amounts of methamphetamine between August of 2003 and May of 2004. On April 1, 2005, a plea hearing was conducted before the undersigned, and the defendant entered a plea of guilty to Count One of the

Indictment pursuant to a plea agreement between defendant and the government. The government has agreed to dismiss Counts Two through Four upon acceptance of defendant's plea to Count One.

At this hearing the defendant was placed under oath and testified that her full legal name is Cynthia Land, that she was born on March 31, 1966, and that she completed high school. The defendant stated that she can read, write, and understand the English language. The defendant stated that she was fully aware of the nature of the charges against her and the consequence of pleading guilty to those charges. The defendant further testified that she was not under the influence of alcohol, medicine, or any drug, save blood pressure medication which had no effect on her ability to understand the nature of the proceedings being held, the nature of the charges against her or the consequences of pleading guilty to those charges. Defendant further stated that she was subject to no other physical or mental condition that would impair her understanding of the proceedings. Defendant's counsel stated that she had no reservations as to the defendant's competency to enter a plea of guilty to these offenses.

The defendant testified that she had received a copy of the Indictment pending against her and that she had fully discussed the charges therein, and her case in general, with her counsel. She also testified that she had read the plea agreement in its entirety and she had discussed the plea agreement with her counsel before signing the agreement. She stated that she understood the terms of the agreement and that the document presented to the court set forth her agreement with the government in its entirety. The defendant specifically testified that she understood that under the terms of the agreement she was waiving any right to appeal or to collaterally attack her conviction or sentence and that she was waiving her right to have a jury determine beyond a reasonable doubt the facts alleged in Count One, including any facts related to sentencing.

The defendant stated that she was pleading guilty of her own free will because she was, in fact,

guilty of the offenses charged. The defendant also stated that no one had made any promises other than those contained in her agreement with the government, or made any assurances or threats to her in an effort to induce her plea. The defendant testified that she understood that the offenses with which she is charged are felonies and that, if her plea is accepted, she will be adjudged guilty of such offenses. Moreover, the defendant testified that she understood that she will be required to pay a mandatory assessment of $100 for each felony conviction,[1] and that, at the discretion of the court, she may also be denied federal benefits, as that term is defined in 21 U.S.C. § 862, for a period of years or indefinitely, as set forth in the plea agreement. The defendant further stated that she understood that she must submit to the government a complete and truthful financial statement revealing all her assets and liabilities on a form provided by the government within 30 days of the date of the plea agreement. The defendant stated that she was waiving her right to raise the defense of the statute of limitations if for any reason the plea agreement is withdrawn or otherwise not consummated. The defendant also testified that she was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of her case.

The defendant was informed that the maximum possible penalty provided by law for the offenses with which she is charged is, in the case of Count One, life imprisonment and a $4 million fine, together with supervised release, and, in the case of Counts Two and Three, twenty years imprisonment and a $1 million fine, together with supervised release, and in the case of Count Four, forty years in prison and a $2 million fine, together with supervised release. The defendant also was informed that

---

[1] Since the defendant is only pleading guilty to one count of the four-count indictment, she will have to pay the Clerk of the Court a total mandatory assessment of $100, not $300 as called for in the plea agreement.

the statutory minimum sentence for Count One is ten years in prison and, for Count Four, five years in prison. The defendant was informed under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's recent decision in *United States v. Booker*, 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are no longer mandatory but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that she and her counsel had discussed how the sentencing guidelines might apply in his case. The defendant also testified that she understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have an opportunity to challenge the reported facts and the application of the guidelines. She stated that she understood that the eventual sentence imposed may be different from any estimate her attorney has given her and that the court has the authority to issue a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offenses to which the defendant is pleading guilty.

The defendant stated that she agreed that, barring any contrary finding by the court, the "relevant conduct" weight of methamphetamine for which she should be held responsible is more than 350 grams but less than 500 grams, and that the court should begin its sentencing calculations from that level. The defendant also testified that she understood that, contingent upon her acceptance of responsibility and continued cooperation in the sentencing process, and fulfillment of her duties under the plea agreement, the government will recommend a two-level (2) reduction under USSG § 3E1.1(a) for acceptance of responsibility and a one-level (1) reduction pursuant to USSG § 3E1.1(b) if her offense level is 16 or

greater. The defendant stated that she understood that the government is under no obligation to file a motion for substantial assistance, but that the government's exercise of discretion in this regard depends upon her efforts to provide such assistance. The defendant further stated that she understood that the government would recommend that her sentence of incarceration be fixed between the low end and middle of the applicable sentencing guideline range, but that the court would not be bound by the government's recommendation. The defendant stated that she knew that parole had been abolished. She acknowledged that if sentenced to incarceration she will not be released on parole but on supervised release, a violation of which could result in additional incarceration.

The defendant testified that she understood that she had the right to a trial by a jury, in addition to the following rights, which would be waived or given up if her guilty plea is accepted:

1. The right to plead not guilty to any offense charged against her;
2. The right at trial to be presumed innocent and to force the government to prove her guilt beyond a reasonable doubt;
3. The right of assistance of counsel;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in her own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses; and
6. The right to decline to testify unless she voluntarily elected to do so in her own defense;
7. The right to a unanimous guilty verdict;
8. The right to appeal a guilty verdict.

The defendant also testified that she understood that if she is adjudged guilty of these charges, she may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

The defendant stated that she was fully satisfied with the advice and representation given to her in this case by her counsel. The defendant also testified that she understood the possible consequences

of her plea and the consequences of breaching any term of the plea agreement. The defendant asked the court to accept her plea of guilty to Count One of the Indictment.

## THE GOVERNMENT'S EVIDENCE

In lieu of a Factual Summary, the government submitted a compilation of documents representing its discovery in this action. The defendant had no objection to the introduction of this evidence in its entirety. Those documents are being filed herewith as "Attachment A" and constitute the government's evidence concerning the weight of the evidence supporting defendant's guilty plea.

## PROPOSED FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant is aware of the nature of the charges and the consequences of her plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to Count One of the Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned RECOMMENDS that this court accept the defendant's plea of guilty to Count One of the Indictment and adjudge her guilty of that offense. The undersigned further DIRECTS that a presentence report be prepared and RECOMMENDS that the presiding District Judge defer acceptance of the plea agreement until after

that report has been submitted to the Court. A sentencing hearing hereby is scheduled for July 11, 2005 at 11:00 a.m. before the presiding District Judge in Harrisonburg, Virginia.

**NOTICE TO PARTIES**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: /s/ 
United States Magistrate Judge

April 12, 2005
Date